Argued June 16, affirmed July 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
ERNEST WALLACE WATSON, *Appellant.*
(No. C-6107, CA 5790)
551 P2d 1314

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

Defendant was found guilty by jury of first degree burglary. At the request of defendant's counsel, the court ordered a presentence report after receiving the jury's verdict. A week later, upon information to the court that defendant was causing problems in the county jail and before the receipt of the presentence report, the defendant was brought before the court and given a five-year sentence of confinement. Defendant's counsel was present and objected to defendant's being sentenced at that time since the presentence report had not been received. The court overruled the objection, noting that there was evidence at the trial of defendant's previous criminal activity including a conviction for burglary and that defendant was on parole from California. The court also recalled that when the presentence report was requested, the court advised defendant's counsel that the report was not necessary.[1]

The sole basis of defendant's appeal is that the court's failure to consider the presentence report constituted a denial of his right to counsel as guaranteed by the Sixth Amendment to the U. S. Constitution.

By statute in Oregon the court is not required to order a presentence report or to consider the information within it once it is ordered. ORS 137.090, 137.530. Counsel cites no cases, nor are we able to find any, in which a court's refusal to consider a presentence report was held to be a denial of defendant's constitutional right to counsel. Moreover, we are not persuaded that the Sixth Amendment compels a judge to consider a presentence report before sentencing a defendant.

Affirmed.

---

[1] Why, under these circumstances, the court ordered a presentence report is not apparent from the record.